Oreatha **POWERS**, etc., Plaintiff,

v.

**CSX TRANSPORTATION, INC.,
et al., Defendants.**

No. 99–0326–RV–S.

United States District Court,
S.D. Alabama,
Southern Division.

Aug. 22, 2001.

Charles R. Godwin, Timothy J. Godwin, Atmore, AL, for Plaintiff.

Brian P. McCarthy, Jerry A. McDowell, Todd Preston Resavage, McDowell Knight Roedder & Sledge, L.L.C., Mobile, AL, Lawrence M. Wettermark, Thomas O. Gaillard, III, Galloway, Smith, Wettermark & Everest, LLP, Mobile, AL, Jim R. Ippolito, Jr., Gilda Branch Williams, T. Dudley Perry, Jr., Robert M. Alton, III, Department od Transportation, State of Alabama, Legal Division, Montgomery, AL, for Defendants.

## ORDER

VOLLMER, Senior District Judge.

This matter is before the Court on various motions to compel and motions for protective order. The subject matter of these motions was set forth in the Corut's two orders entered July 16, 2001. (Docs.101, 102). Those orders resolved all the parties' disputes except those contingent upon the construction and application of 23 U.S.C. § 409. The Court ordered each defendant separately to file and serve a privilege log and to submit to the Court for in camera inspection all documents encompasssed within the plaintiff's discovery requests as to which the defendants claim the protection of Section 409 and whose production was not barred by the Court on other grounds. (Doc. 101 at 12). After reviewing the defendants' filings and submissions, the Court enters the following order.

## I. CSX.

The Court held in abeyance rulings with respect to interrogatories 1, 7 and 8, category 1 of the first 30(b)(5) and (6) notice, and categories 1–10 of the second 30(b)(5) and (6) notice, pending resolution of the Section 409 issue. (Doc. 102 at 2–6, 8–9).

CSX has advised that it withdraws its Section 409 objections to interrogatories 7 and 8 and to categories 1–8 of the second 30(b)(5) and (6) notice. (Doc. 115 at 2). To this extent, the plaintiff's motion to compel is **granted** and CSX's motion for protective order is **denied as moot.**[1]

With respect to interrogatory 1, CSX has identified a single document being withheld on the grounds of Section 409. (Doc. 116). The Court's in camera review of this document confirms that it falls within the purview of Section 409. The plaintiff has not challenged this characterization of the document or argued that CSX has waived the protection of Section 409 as to this document by its production of other documents protected by Section 409. Accordingly, the plaintiff's motion to compel is **denied** and CSX's motion for protective order is **granted.**

CSX has not addressed category 1 of the plaintiff's first 30(b)(5) and (6) notice. Because it requests documents and a deponent with respect to the categories identified in the plaintiff's interrogatories, CSX's withdrawal of objections as to interrogatories 7 and 8, and its continued objection to interrogatory 1, necessarily encompass a corresponding withdrawal and retention of objection to category 1 of the first 30(b)(5) and (6) notice. Thus, the plaintiff's motion to compel is **granted** and **denied**, and CSX's motion for protective order is **denied as moot** and **granted**, as set forth in the preceding paragraphs.

Nor has CSX addressed categories 9 and 10 of the second 30(b)(5) and (6) notice. CSX's failure to identify in a privilege log any documents responsive to these categories constitutes either a representation that no responsive documents arguably protected by Section 409 are in CSX's

---

1. While the impetus for CSX's change of position is its assessment that it will defend the plaintiff's negligent delay claim using information and documents protected by Section 409, its decision of course obligates it to produce requested information and documents whether or not favorable to CSX and whether or not CSX intends to rely on them at trial.

possession or a withdrawal of CSX's Section 409 objection to these categories. Either way, the plaintiff's motion to compel is **granted** and CSX's motion for protective order is **denied as moot.**[2]

## II. ADOT.

The Court held in abeyance rulings with respect to 30(b)(6) topics 1–8 and 13 and 30(b)(5) requests 2–4. (Doc. 102 at 11–13).

With respect to topics 1–7, ADOT has filed and submitted a privilege log listing 211 numbered documents concerning the grade crossing improvements at the other six crossings in the Atmore corridor and has submitted a copy of these documents to the Court for in camera inspection. Upon review of these documents,[3] the Court concludes that only the following document numbers may be withheld pursuant to Section 409: 33, 69, 90, 122, 151–54, 165–67, 182, and 211. Except with respect to these listed documents, and deposition testimony based on them, ADOT's motion for protective order is **denied.**

With respect to topic 8, the plaintiff seeks testimony concerning Alabama's Multimodal Office Support System ("AlaMOSS") and its application to and/or use in federally funded grade crossing improvement projects. ADOT argues that its entire AlaMOSS computer system is protected by Section 409 but, despite the Court's July 16, 2001 order, ADOT has provided no evidence from which the Court could conclude that the entire system falls within Section 409. Notably, ADOT describes its purpose as to "track projects," which almost necessarily encompasses the implementation phase that the Court has ruled lies outside Section 409. Moreover, because Section 409 protects only "data compiled or collected" for certain purposes and not the *methods* by which data is compiled or collected, the plaintiff may conduct significant discovery concerning AlaMOSS without impinging even arguably on Section 409 material. ADOT's motion for protective order is **denied,** without prejudice to ADOT's ability to object to specific questions or lines of questioning at deposition.

With respect to topic 13, ADOT "withdraws any objection." (Doc. 118 at 2). Accordingly, ADOT's motion for protective order is denied as moot.

Request 2 seeks documents generated through AlaMOSS "relating to installation of active signalization" in the Atmore corridor. ADOT posits without explanation that all such documents are protected by Section 409. (Doc. 118 at 2). As the Court's July 16, 2001 order makes clear, Section 409 does not apply to the implementation of grade crossing improvement projects, and the plaintiff's term "installation" is so limited. Accordingly, ADOT's motion for protective order is **denied.**

ADOT denies having any documents responsive to request 3. (Doc. 118 at 2–3). Accordingly, ADOT's motion for protective order is **denied as moot.**

Request 4 seeks documents concerning "the order in which installation of active signalization occurred" in the Atmore corridor. ADOT denies having any documents identifying when installation pro-

---

2. CSX has filed a separate privilege log respecting certain documents previously produced to the plaintiff by the City. (Doc. 117). Because these documents have already been produced by the City, and because CSX is not resisting production of these documents (presumably because they are not in its possession), this privilege log is not relevant to the pending motions to compel and motions for protective order.

3. By its failure to offer any argument supporting the application of Section 409 to these documents, ADOT has effectively waived its protection. Nevertheless, the Court has sua sponte identified those documents clearly falling within the scope of Section 409.

jects began. To this extent, ADOT's motion for protective order is **denied as moot.**

ADOT acknowledges that its AlaMOSS computer system contains "electronic data" concerning final installation dates and that this information, based on the Court's July 16, 2001 order, is not protected by Section 409. However, ADOT states that this information "cannot be separated from" other AlaMOSS data that *is* protected by Section 409. (Doc. 118 at 3). It is unclear whether ADOT is stating that information in its computer system cannot be printed on paper or that, while it can be printed, any such printing would contain protected information along with unprotected information. Either way, the explanation—unsupported by the affidavit of any computer-literate person—strains credulity. Computer programs routinely allow printing, and protected information contained in documents is routinely redacted prior to production. Accordingly, ADOT's motion for protective order is **denied.**[4]

### III. City.

The Court held in abeyance ruling on the City's motion for protective order because its only objection was Section 409. (Doc. 102 at 14). The City has advised that it "waive[s] the privilege" of Section 409 and withdraws its objections to the plaintiff's 30(b)(5) and (6) notice. (Doc. 114). Accordingly, the City's motion for protective order is **denied as moot.**[5]

---

**4.** ADOT identifies two documents responsive to requests 5 and 6. (Doc. 118 at 3–4). Because ADOT filed no motion for protective order concerning these requests, these documents must be produced to the plaintiff.

**5.** Any party may file and serve a request for the Court to retain the documents presented in camera. Absent such a request filed within 14 days of the date of entry of this order, the submitting party shall retrieve its documents from the Court.